THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTIN CARIDEO AND CATHERINE CANDLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DELL, INC. a Delaware corporation,<br><br>Defendant. | NO. C06-1772 JLR<br><br>FIRST AMENDED COMPLAINT<br><br><u>CLASS ACTION</u><br><br>(1) Washington Consumer Protection Act, RCW 19.86.010 *et seq.*;<br>(2) Fraudulent Concealment/ Nondisclosure;<br>(3) Express Warranty;<br>(4) Implied Warranties; and<br>(5) Unjust Enrichment<br><br>**JURY DEMAND** |

## I. INTRODUCTION

1.1    Plaintiffs bring this action for actual damages, treble damages, equitable relief (including restitution, injunctive relief, and disgorgement of profits) and all other available relief on behalf of herself and all similarly-situated individuals and entities in Washington (the "Class") who own or have owned a Dell Inc. ("Dell"), Inspiron notebook computer Model Nos. 1100, 1150, 5100 or 5160 ("Affected Computers").

1.2    All of the claims asserted herein arise out of Dell's misconduct in connection with the design, manufacture, warranting, advertising and selling of the Affected Computers.

FIRST AMENDED COMPLAINT - 1
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1.3     All of the claims asserted herein relate only to the Affected Computers' hardware.

1.4     On information and belief, Dell began designing, manufacturing, warranting, marketing, advertising and selling the Affected Computers to thousands of consumers throughout California and the United States, commencing in or around July 2003.

1.5     Dell made uniform material affirmative misrepresentations and uniformly concealed material information in its marketing, advertising and sale of the Affected Computers, which Dell knew to be defective, both at the time of sale and on an ongoing basis.

1.6     In particular, Dell represented and warranted to Plaintiffs and all Class members that the Affected Computers were free from defects and that they were of merchantable quality and workmanship, as evidenced by Dell's express warranty.  Plaintiffs' experiences — mirroring those of other purchasers of Affected Computers — reveal that Dell's claims are false in that the Affected Computers are inherently defective and not of merchantable quality and workmanship.

1.7     The Affected Computers are designed and manufactured with three uniform and inherent defects (collectively, the "Defects").  First, the Affected Computers' cooling systems are inadequate to dissipate the heat generated through normal use.  Second, the power supply system prematurely fails when used as intended.  Third, the motherboards on the Affected Computers prematurely fail when used as intended.  Among other problems, the Defects cause the Affected Computers to shut down unexpectedly or fail to boot up and/or the batteries will fail to charge and/or fail to hold a charge, or will deteriorate well before the expected end of the battery's life.

1.8     Dell has responded to the Defects in several ways, all of which are inadequate.  First, Dell claims that the problems exhibited by the Affected Computers are the result of hair and dust clogging the cooling mechanism; therefore, Dell suggests that consumers clean their laptop.  Second, Dell has issued a software patch that intermittently slows the operation of the

FIRST AMENDED COMPLAINT - 2
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Affected Computers' processor in order to avoid overheating. Neither of these remedies adequately addresses the underlying Defects. Moreover, the software patch, by slowing the processor speed of the Affected Computers, can leave consumers with laptops lacking a significant quality — speed — that Dell marketed and advertised the laptops as having and for which consumers paid. Dell failed to disclose to consumers that the software patch slows the computers.

1.9   Dell also regularly recommends that owners of the Affected Computers replace the motherboard; however, for some period of time presently unknown to Plaintiffs, Dell replaced failed motherboards without correcting the defect which caused their premature failure, such that the replacement did not correct the problem. In addition, Dell profits by charging consumers for the parts and labor involved in such replacements.

1.10   Dell concealed from and/or failed to disclose to Plaintiffs, the Class, and everyone, the true defective nature of the Affected Computers, and failed to remove the Affected Computers from the marketplace or take adequate remedial action. Rather, Dell sold and serviced the Affected Computers even though it knew, or was reckless in not knowing, that the Affected Computers would prematurely fail and ultimately result in Plaintiffs' and Class members' inability to use their Affected Computers for their intended purpose.

1.11   As a consequence of Dell's false and misleading statements and active concealment of the Defects, Plaintiffs and the Class purchased and currently own defective computers and have incurred damages.

1.12   Dell purports unilaterally to apply Terms and Conditions to the sale of the Affected Computers, including an arbitration clause with a class action waiver. These Terms and Conditions, and the arbitration clause and class action waiver in particular, are contrary to public policy, unconscionable, and therefore not enforceable against Plaintiffs or Class members.

FIRST AMENDED COMPLAINT - 3
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## II. THE PARTIES

2.1     Plaintiff Kristin Carideo resides in King County, Washington. At the time the initial complaint was filed, she lived in Snohomish County, Washington. In or around November 2003, Ms. Carideo purchased a new Dell Inspiron 5100 from Dell. Since purchasing her computer, Ms. Carideo has had problems with the computer due to the Defects alleged herein. In 2005, Ms. Carideo's computer ceased to take a charge. She was advised to have the motherboard replaced and paid Dell approximately $400 for the replacement. The replacement did not work. Although the computer worked for a while after the replacement, it suddenly stopped booting up in October 2006. Since December 2006, the computer will boot up only on an intermittent basis. The computer also overheats at least once a week, causing it to shut down. The computer is out of warranty and once it fails completely Ms. Carideo will be left with a worthless piece of equipment that did not perform as promised by Dell.

2.2     Plaintiff Catherine Candler resides in Pierce County, Washington. In or around November 2004, Ms. Candler purchased a new Dell Inspiron 5160 from Dell. Since purchasing her computer, Ms. Candler has had problems with the computer due to the Defects alleged herein. In September 2005, Ms. Candler's computer ceased to take a charge. She was advised that the motherboard needed to be replaced. Dell eventually replaced the motherboard under Ms. Candler's extended warranty (only after Ms. Candler had the purchase refunded by her Visa company). The replacement did not work because in 2006, the computer again ceased to take a charge. The motherboard was again replaced pursuant to the extended warranty in November 2006. The second replacement did not work either. In January 2007 the computer again began failing to take a charge and overheating. The power source is loose and at times the computer will not take a charge. The computer is now out of warranty and once it fails completely Ms. Candler will be left with a worthless piece of equipment that did not perform as promised by Dell.

2.3     Defendant Dell, Inc., is incorporated in the State of Delaware and maintains its principal place of business in Round Rock, Texas. Dell designs, manufactures, warrants,

FIRST AMENDED COMPLAINT - 4
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

advertises, and sells personal computers and related services and devices, including the Affected Computers at issue herein, in Washington and throughout the United States.

## III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as recently amended by the Class Action Fairness Act, because the aggregate amount claimed by the individual members of the proposed Class exceeds $5,000,000, exclusive of interest and costs, and it is a class action in which the Plaintiffs are citizens of Washington and Dell is a citizen of Delaware and Texas.

3.2     This court has personal jurisdiction over Dell because Dell has purposefully availed itself of the privilege of conducting business activities within the State of Washington by selling computers to Plaintiffs and the Class members and, further, generally maintained systematic and continuous business contacts with the State of Washington.

3.3     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because defendant Dell is a resident of the Western District pursuant to § 1391(c) as it is subject to personal jurisdiction here, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District through the sale, marketing, distributing, replacement of parts, failure, and/or warranting of one or more of the Affected Computers.

## IV. INTRADISTRICT ASSIGNMENT

4.1     Assignment of this case to the Seattle Division of the Western District of Washington is proper under Local Civil Rule 5 because defendant Dell is a resident of the division pursuant to 28 U.S.C. §1391(c); because a substantial part of the events or omissions which give rise to the claims occurred in Snohomish County; and because Plaintiff Kristin Carideo was a resident of Snohomish County at the time of filing the initial complaint.

FIRST AMENDED COMPLAINT - 5
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

## V.  APPLICATION OF WASHINGTON LAW

5.1  Washington law applies to the claims and issues asserted herein.  Plaintiffs, who are Washington residents, seek damages and equitable relief on behalf of themselves and all other Washington residents similarly situated, under the laws of the State of Washington.

5.2  Washington has significant contacts and/or a significant aggregation of contacts to the claims asserted by Plaintiffs and all Class members.

5.3  Washington has a materially greater interest than any other state in enforcing the rights and remedies granted to Washington consumers under the Washington laws invoked in this Complaint.  These rights and remedies further strong fundamental public policies of the State of Washington.

## VI.  FACTUAL ALLEGATIONS

6.1  On information and belief, Dell has been engaged in the business of designing, manufacturing, warranting, marketing, advertising, and selling electronic computers and related products and services since 1984.

6.2  Dell is one of the world's leading manufacturers of computers and other computer products.  Dell designed, manufactured, warranted, marketed, advertised, and sold product lines of portable notebook computers known as the Inspiron 1100, 1150, 5100 or 5160, the subject of this lawsuit.

6.3  The Affected Computers fail to perform as advertised in that the cooling system is inadequate to sufficiently dissipate the heat generated by normal use, resulting in overheating, and/or the power supply system and/or motherboard prematurely fails (the "Defects").  Among other problems, the Affected Computers shut down unexpectedly or fail to boot up and/or fail to charge and/or hold a charge for an adequate period of time or the computer will not even power on.  In addition, the software patch issued by Dell to address the overheating problem slows the processor speed of the Affected Computers, leaving consumers with laptops lacking a significant quality — speed — that Dell marketed and advertised the laptops as having and for which consumers paid.

FIRST AMENDED COMPLAINT - 6
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

6.4     Dell failed to adequately design, manufacture, and/or test the Affected Computers to ensure that they were free from the Defects, and/or knew or was reckless in not knowing of the Defects, before it warranted, advertised, marketed and sold the Affected Computers to Plaintiffs and the Class.

6.5     Dell falsely represented, through its warranty, marketing and advertising (a) that the Affected Computers had characteristics that they did not actually have, (b) that the Affected Computers were of a certain quality or standard when they were not and (c) that the Affected Computers were of merchantable quality when they were not.

6.6     Because of the Defects, the Affected Computers have failed and/or are substantially certain to prematurely fail, and/or are not of merchantable quality, contrary to the manner in which they were warranted, marketed and advertised by Dell.

6.7     As a result of the Defects alleged herein, Plaintiffs have experienced repeated problems with and failures of their computers and incurred damages.

6.8     At Dell's recommendation, class members incur out of pocket expense to repair or replace components or the Affected Computers as a whole when the symptoms of the Defects manifest outside the Dell warranty. For example, Plaintiff Kristin Carideo paid out of pocket for a new motherboard.

6.9     To this day, Dell continues to conceal material information from Plaintiffs, the Class and the public about the Defects in the Affected Computers.

6.10    **Statutes Of Limitation**

6.10.1 <u>Discovery Rule</u>. The causes of action alleged herein accrued upon discovery of the defective nature of the Affected Computers. Because the Defects are latent, and Dell took steps to actively conceal them, among other reasons, Plaintiffs and members of the Class did not discover and could not have discovered the Defects through reasonable and diligent investigation. Moreover, reasonable and diligent investigation into the cause of the

FIRST AMENDED COMPLAINT - 7
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

failed computers did not and could not reveal a factual basis for a cause of action based on Dell's failure to disclose/concealment of the Defects.

   6.10.2   <u>Fraudulent Concealment Tolling</u>.  Any applicable statutes of limitation have been tolled by Dell's knowing and active concealment and denial of the facts as alleged herein, which concealment is ongoing.  Plaintiffs and the Class have been kept ignorant by Dell of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part.  Plaintiffs and members of the Class could not reasonably have discovered the true, latently defective nature of the Affected Computers.

   6.10.3   <u>Estoppel</u>.  Dell was and is under a continuous duty to disclose to the Plaintiffs and the Class the true character, quality, and nature of the Affected Computers.  Dell knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Affected Computers, which concealment is ongoing.  Plaintiffs reasonably relied upon Dell's knowing, affirmative, and/or active concealment.  Based on the foregoing, Dell is estopped from relying on any statues of limitation in defense of this action.

  6.11   **Dell's Terms And Conditions**

   6.11.1   Dell purports to unilaterally apply Terms and Conditions to the sale of the Affected Computers.  These Terms and Conditions constitute a one-sided, exculpatory contract of adhesion which operates to insulate Dell from liability that otherwise would be imposed under Washington law.

   6.11.2   Plaintiffs deny that Dell's Terms and Conditions are binding on them on grounds that they did not consent to the Terms and Conditions and/or the Terms and Conditions are not supported by adequate consideration and/or the Terms and Conditions are unconscionable.

   6.11.3   The Terms and Conditions contain an arbitration clause with a class action waiver that is contrary to public policy and unenforceable.

FIRST AMENDED COMPLAINT - 8
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

  6.11.4 The class action waiver is part of a scheme by Dell, the party with superior bargaining power, to exempt itself from responsibility for its fraudulent or willfully injurious actions described herein.

## VII.  CLASS ACTION ALLEGATIONS

 7.1 Plaintiffs bring this lawsuit as a class action on behalf of themselves and all other Washington residents similarly situated as members of a proposed Plaintiff Class pursuant to Federal Rule of Civil Procedure 23.  This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

 7.2 The Class is defined as:

> All individuals and entities in the State of Washington who own or have owned any one or more of the following Dell Inspiron notebook computer Model Nos.:  1100, 1150, 5100 or 5160.

 7.3 Excluded from the Class are:  (1) Dell, any entity in which Dell has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the United States government and any agency or instrumentality thereof; (3) the judge to whom this case is assigned and any member of the judge's immediate family; and (4) claims for personal injury, wrongful death and/or emotional distress.

 7.4 **Numerosity & Ascertainability**

  7.4.1 On information and belief, the Class is comprised of thousands of owners of Affected Computers throughout Washington, making joinder impractical.

  7.4.2 The Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased new and still own an Affected Computer.

 7.5 **Typicality**

  7.5.1 The claims of the representative Plaintiffs are typical of the claims of the Class, in that the representative Plaintiffs, like all members of the Class, own an Affected Computer that contains the inherent Defects.  The factual bases of Dell's misconduct are

FIRST AMENDED COMPLAINT - 9
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

common to all Class members and represent a common thread of fraudulent misconduct resulting in injury to all members of the Class.

### 7.6 Predominance of Common Issues

7.6.1 There are numerous common questions of law and fact common to all Class members, and those questions predominate over any questions that may affect only individual Class members.

7.6.2 The predominant common questions include the following:

a. Whether the Affected Computers contain common design defects;

b. Whether the Affected Computers are substantially certain to prematurely fail;

c. Whether the Affected Computers are not of merchantable quality;

d. Whether the Defects in the Affected Computers are a material fact reasonable purchasers would have considered in deciding whether to purchase a computer;

e. Whether Dell knew and/or was reckless in not knowing of the Defects in the Affected Computers;

f. Whether Dell fraudulently concealed from and/or failed to disclose to Plaintiffs and the Class the Defects in the Affected Computers;

g. Whether Dell had a duty to Plaintiffs and the Class to disclose the Defects in the Affected Computers;

h. Whether Dell's concealment of and/or failure to disclose the Defects induced Plaintiffs and the Class to act to their detriment by purchasing defective Affected Computers;

i. Whether Dell has breached its express warranty on the Affected Computers;

FIRST AMENDED COMPLAINT - 10
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

    j. Whether Dell should be declared financially responsible for notifying all Class members of the defective Affected Computers and for the costs and expenses of repair and replacement of all such defective components therein;

    k. Whether Plaintiffs and the Class are entitled to compensatory damages, and the amount of such damages;

    l. Whether, as a result of Dell's fraud, Plaintiffs and the Class are entitled to treble damages and the amount of such damages;

    m. Whether Dell should be enjoined from engaging in the methods, acts or practices alleged herein; and

    n. Whether Dell should be ordered to disgorge, for the benefit of the Class, all or part of its ill-gotten profits received from the sale of the defective Affected Computers and replacement components and/or make restitution to Plaintiffs and members of the Class.

  7.7 **Adequacy**

    7.7.1 Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, including actions involving defective products.

    7.7.2 Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor their Counsel have interests adverse to those of the Class.

  7.8 **Superiority**

    7.8.1 Absent class treatment, Plaintiffs and members of the Class will continue to suffer harm and damages as a result of Dell's unlawful and wrongful conduct.

    7.8.2 A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Without a class action, individual Class members would face burdensome litigation expenses, deterring them from bringing suit or adequately protecting their rights. Because of the relatively modest economic value of the individual Class

FIRST AMENDED COMPLAINT - 11
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

members' claims, few could likely seek their rightful legal recourse. Absent a class action, Class members would continue to incur harm without remedy, while Dell would continue to reap the benefits of its misconduct.

7.9     The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of these claims.

## VIII.  FIRST CAUSE OF ACTION
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

8.1     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

8.2     Dell is a "person" within the meaning of the Washington Consumer Protection Act, RCW § 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW §19.86.010(2).

8.3     Plaintiffs and the other Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW §19.86.010(1), and the payments for the Affected Computers wrongfully obtained from Plaintiffs and the other Class members constitute "assets" within the meaning of the Washington Consumer Protection Act, RCW §19.86.010(3).

8.4     Dell's actions are unfair and/or deceptive within the meaning of the Washington Consumer Protection Act, RCW §19.86.010, *et seq.*

8.5     Dell's practices as alleged herein have the tendency or capacity to mislead consumers. Dell sold the Affected Computers knowing of the Defects and failed to inform Plaintiffs and Class Members.

8.6     Dell's unfair or deceptive acts or practices have occurred in its trade or business, and were and are capable of deceiving a substantial portion of the public. Dell's general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

8.7     Dell's conduct has injured the property of Plaintiffs and the other Class members, in that these consumers have purchased Affected Computers with the Defects.

FIRST AMENDED COMPLAINT - 12
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs and Class Members would not have purchased the Affected Computers or would have purchased the Affected Computers for less had they known about the Defects.

8.8    Plaintiffs and other Class members are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages; costs of suit, including a reasonable attorneys' fee; and such further equitable relief as the Court may deem proper.

## IX. SECOND CAUSE OF ACTION
## FRAUDULENT CONCEALMENT/NONDISCLOSURE

9.1    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

9.2    Dell knew or should have known that the Affected Computers were and are defective in that they are substantially certain to fail well in advance of their anticipated useful life.

9.3    Dell fraudulently or recklessly concealed from and/or failed to disclose to Plaintiffs, the Class, and all others in the chain of distribution (*e.g.,* concealments and omissions in Dell's communications with wholesalers, retailers, and others in the chain of distribution that were ultimately passed on to Plaintiffs and the Class) the true nature of the Affected Computers.

9.4    Dell was and is under a duty to Plaintiffs and the Class to disclose these facts because:

  a.    Dell is in a superior position to know the facts about the hidden Defects in the Affected Computers and that the Defects were latent;

  b.    Dell made partial disclosures about the quality of the Affected Computers while not revealing their true defective nature; and

  c.    Dell fraudulently or recklessly concealed the defective nature of the Affected Computers from Plaintiffs and the Class.

9.5    The facts concealed and/or not disclosed by Dell to Plaintiffs and the Class are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) a computer.

FIRST AMENDED COMPLAINT - 13
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

9.6     Dell intentionally or recklessly concealed and/or failed to disclose the problems with the Affected Computers for the purpose of inducing Plaintiffs and the Class to act thereon.

9.7     Plaintiffs and the Class justifiably acted or relied upon to their detriment the concealed and/or non-disclosed facts as evidenced by their purchase of the Affected Computers and/or replacement parts for the Affected Computers.

9.8     Had Plaintiffs and the Class known of the Defects they would not have purchased (or would have paid less for) their Affected Computers.

9.9     As a direct and proximate cause of Dell's misconduct, Plaintiffs and Class members have suffered actual damages in that they bought and own Affected Computers that contain inherent Defects and that have prematurely failed or are substantially certain to prematurely fail, and will be required to incur costs to repair and/or replace the defective components or the computers as a whole.  Further, Dell purports to offer a software patch to cure the defects, but the software patch slows the processing speed of the computer thereby making it worth less than the price paid by the consumers.

9.10    Plaintiffs, on behalf of themselves and all others similarly situated, have suffered losses resulting from Dell's fraudulent or reckless non-disclosure.  Accordingly, Dell is liable for all damages proximately caused by its fraudulent or reckless conduct.  The amount of damages will be proved at trial

## X.  THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

10.1    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

10.2    Under the terms of the Dell Limited Warranty, each Affected Computer came with an express warranty that provides:

> This limited warranty covers defects in materials and workmanship in your — our end-user customer's — Dell-branded hardware products, including Dell-branded peripheral products.

FIRST AMENDED COMPLAINT - 14
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

10.3   Dell breached its express warranties as set forth above, by supplying the Affected Computers to its customers in a condition such that the computers were and are defective.

10.4   The Affected Computers are not free from defects in material and workmanship under normal use during the warranty period.

10.5   The Affected Computers are substantially certain to fail well before the end of their warranted lifetime.

10.6   Dell has received timely notice of the breach of warranty alleged herein.

10.7   Additionally, Dell has been put on notice by the Class as a whole by reason of the many warranty claims and complaints made by Class members and by virtue of this Complaint, which brings suit on behalf of all Class members.

10.8   Dell has failed to provide to Plaintiffs and Class members, as a warranty replacement, Inspiron notebook computers that conform to the qualities and characteristics that Dell expressly warranted.

10.9   The Affected Computers contain common hidden Defects that were already present at the time of purchase, which could not be discovered by Plaintiffs and members of the Class.

10.10   Had Plaintiffs and the Class known that the Affected Computers failed to conform to the characteristics and qualities that Dell expressly warranted, they would not have purchased the Affected Computers or would have paid less.

10.11   As a direct and proximate result of Dell's breach of express warranty, Plaintiffs and the Class have sustained damages in an amount to be determined according to proof at trial.

10.12   Plaintiffs, on behalf of themselves and all Class members, demand judgment in the form of injunctive relief in the form of repairing or replacing the Affected Computers and/or damages in an amount to be proven at trial, plus attorneys' fees, costs and interest.

## XI.  FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTIES

FIRST AMENDED COMPLAINT - 15
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

11.1   Plaintiffs reallege and incorporate by reference all preceding paragraphs.

11.2   Plaintiffs and Class members purchased the Affected Computers directly from Dell and are in privity with Dell.

11.3   At all times relevant herein, Dell was in the business of manufacturing and selling computers.

11.4   At all times relevant herein, Dell impliedly warranted in a uniform manner to Plaintiffs and the proposed Class that the Affected Computers were of the same or greater quality as generally accepted for notebook computers and were safe and fit for their intended use as computers.

11.5   Contrary to Dell's implied warranties, the Affected Computers were not of merchantable quality as they were not fit for the ordinary purposes for which such goods are used and/or do not conform to the promises or affirmations of fact made in the promotional literature.  The Affected Computers contain inherent defects which are substantially certain to result in malfunction during the useful life of the product.

11.6   At all times relevant herein, Dell impliedly warranted in a uniform manner to Plaintiffs and the proposed Class that the Affected Computers were fit for their intended purpose.  At the times that Dell marketed and sold the Affected Computers for use by Plaintiffs and the proposed Class, Dell had actual or constructive knowledge of the particular purposes for which the Affected Computers would be used.

11.7   At the times that Dell marketed and sold the Affected Computers for use by Plaintiffs and the proposed Class, Dell had actual or constructive knowledge that Plaintiffs and the proposed Class would and did rely upon the skill and judgment of Dell to select and furnish notebook computers that were suitable for use as personal computers.

11.8   Plaintiffs and the proposed Class reasonably relied on Dell to select and furnish notebook computers that were suitable for use as personal computers.

FIRST AMENDED COMPLAINT - 16
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

11.9    Contrary to Dell's implied warranty, the Affected Computers were not fit for their intended and known use by Plaintiffs and the proposed Class. The Affected Computers contain inherent defects which are substantially certain to result in malfunction during the useful life of the product.

11.10   Dell has received timely notice of the breach of implied warranties alleged herein. Dell has been put on notice by the Class as a whole by reason of its own knowledge of the defect, by warranty claims and other complaints made by Class members and by virtue of this Complaint, which brings suit on behalf of all Class members.

11.11   As a direct and legal result of the breach of implied warranties by Dell, Plaintiffs and the members of the proposed Class sustained actual and consequential damages in an amount to be determined according to proof at time of trial.

## XII. FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

12.1    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

12.2    By its wrongful acts and omissions described herein, including selling the Affected Computers, selling replacement motherboards without correcting the defective design that caused their premature failure, and charging consumers for mailed motherboards and/or power supply system parts (batteries, AC adaptors, etc.) and/or heatsinks/fans, Dell was unjustly enriched at the expense of Plaintiffs and the Class.

12.3    Dell was aware and/or knew of these benefits conferred by Plaintiffs and the other Class members.

12.4    It would be inequitable for Dell to retain the profits, benefits, and other compensation obtained by it from its wrongful conduct in manufacturing, marketing and selling Affected Computers, both as original equipment and as replacement parts.

12.5    Plaintiffs, on behalf of themselves and all others similarly situated, demand restitution from Dell, and an order of this Court disgorging all profits, benefits, and other

FIRST AMENDED COMPLAINT - 17
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

compensation obtained by Dell from its wrongful conduct and awarding attorneys' fees, costs and interests.

## XIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Dell as follows:

a. An order certifying the proposed Class and any appropriate subclasses and designating Plaintiffs as Class Representative and their counsel as Class Counsel;

b. Monetary damages, including but not limited to any compensatory, incidental or consequential damages commensurate with proof at trial for the acts complained of herein;

c. Treble damages pursuant to the Washington Consumer Protection Act;

d. A declaration that Dell is financially responsible for notifying all Class members of the Defects;

e. An order requiring Dell to immediately cease its wrongful conduct as set forth above;

f. A permanent injunction mandating that Dell repair and/or replace the defective Affected Computers;

g. A declaration that Dell must disgorge, for the benefit of the Class, all or part of its ill-gotten profits received from the sale of the defective Affected Computers, both the original hardware and replacement parts, and/or to make restitution to Plaintiffs and the members of the Class;

h. Attorneys' fees and costs;

i. Statutory pre-judgment interest; and

j. All other relief the Court deems just and appropriate.

## XIV. JURY DEMAND REQUESTED

Plaintiffs request a trial by jury.

FIRST AMENDED COMPLAINT - 18
CASE NO. C06-1772 JLR
4271/001/201637.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  DATED this 8th day of February, 2007.

2  TOUSLEY BRAIN STEPHENS PLLC

3

4  By: _____/s/ Beth E. Terrell, WSBA #26759_____
   Beth E. Terrell, WSBA #26759
   bterrell@tousley.com
5  Mary B. Reiten, WSBA #33623
   mreitein@tousley.com
6  1700 Seventh Avenue, Suite 2200
   Seattle, Washington  98101
7  Telephone:  206.682.5600
   Facsimile:   206.682.2992
8
   *Attorneys for Plaintiffs*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FIRST AMENDED COMPLAINT - 19
CASE NO. C06-1772 JLR
4271/001/201637.1

CERTIFICATE OF SERVICE

1

2    I hereby certify that on February 8, 2007, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4    following:

5
        Jeffrey I. Tilden
6     Michael Rosenberger
        GORDON MURRAY TILDEN LLP
7     1001 Fourth Avenue, Suite 4000
        Seattle, Washington  98154-1007
8

9     Kim Brightwell
        Beverly G. Reeves
10    Sinead O'Carroll
        Paul Schlaud
11    Ryan Pierce
        REEVES & BRIGHTWELL LLP
12    221 West Sixth Street, Suite 1000
        Austin, Texas  78701-3410
13

14    *Attorneys for Defendant*

     DATED at Seattle, Washington, this 8th day of February, 2007.
15

16                          TOUSLEY BRAIN STEPHENS PLLC

17

18                          By:    /s/ Beth E. Terrell, WSBA #26759
                               Beth E. Terrell, WSBA #26759
19                              bterrell@tousley.com
                               Mary B. Reiten, WSBA #33623
20                              mreitein@tousley.com
                               1700 Seventh Avenue, Suite 2200
21                              Seattle, Washington  98101-1332
                               Telephone:  206.682.5600

22

23

24

25

26

27

FIRST AMENDED COMPLAINT - 20
CASE NO. C06-1772 JLR
4271/001/201637.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992