UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTIN CARIDEO, et al.,

    Plaintiffs,

v.

DELL, INC.,

    Defendant.

CASE NO. C06-1772JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to compel arbitration from Defendant Dell, Inc. ("Dell") (Dkt. # 14). The court has considered the papers filed in support and in opposition to this motion and finds the matter appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS Dell's motion to compel arbitration and STAYS the action.

## II. BACKGROUND

The facts related to this motion are not in dispute. Plaintiffs Kristin Carideo and Catherine Candler purchased allegedly defective laptop computers from Dell between 2003 and 2004, at prices ranging from $1300 to $1700. As putative class representatives, Plaintiffs allege violations of Washington's Consumer Protection Act ("CPA"), RCW §

ORDER – 1

19.86.010, breach of express and implied warranties, fraudulent concealment, and unjust enrichment.

Dell now moves to compel arbitration based on a dispute resolution clause contained in its "Terms and Conditions of Sale" that it presents to customers at the time of purchase, and again with the shipment of the computer. Pape Decl. ¶¶ 5, 6, Ex. A ("Agreement" or "Terms and Conditions").[1]  Directly under a cautionary heading, directing customers to "READ THIS DOCUMENT CAREFULLY!," the Agreement states that a customer can reject the terms of the contract by returning the product within a specified time period (between three and four weeks) under "Dell's Total Satisfaction Return Policy." Id. (emphasis original). By accepting delivery of the computer and failing to return it within the prescribed time period, the customer agrees to be bound by the Terms and Conditions.

There is no dispute that Plaintiffs received a hard copy of the Agreement with their purchase, and that both likely read it and knew they could not buy a computer from Dell without agreeing to its terms. Opp'n. at 7; Candler Decl. ¶¶ 18, 19; Carideo Decl. ¶ 16. For reasons unimportant to this motion, Plaintiffs did not unpack their computers or read the Terms and Conditions until after the prescribed time period had passed in which they could return the product. In any event, Plaintiffs do not contend that they would have rejected the Agreement had they reviewed the terms earlier.

The dispute resolution clause on which Dell bases its motion to compel provides that, "ANY CLAIM, DISPUTE, OR CONTROVERSY . . . arising from or relating to this Agreement . . . SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION

---

[1] Dell provides two versions of the Agreement, Pape Decl., Exs. A, B, presumably to reflect the standard contracts that were in effect on the dates of Plaintiffs' respective purchases. Unless otherwise noted, the court refers simply to "the Agreement" as it appears in Exhibit A to Mary Pape's declaration.

ORDER – 2

FORUM (NAF)." Id. at ¶ 13 (emphasis original). The Agreement also requires that the customer waive her ability to pursue a class action against Dell. Id.[2] The Agreement selects the substantive law of the State of Texas to govern disputes arising under the Agreement. Id. at ¶ 2.

### III.  ANALYSIS

**A.  Legal Standard**

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The purpose of the FAA is to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). To that end, the FAA divests the district court of its discretion and requires it to resolve any doubts in favor of compelling arbitration. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). On review of a motion to compel, the court's role is to limited to a determination of (a) whether the parties entered into a valid agreement to arbitrate, and if so, (b) whether the present claims fall within the scope of that agreement. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). Notwithstanding federal law's presumption in favor of arbitrability, the court may consider generally applicable state law contract defenses (e.g., fraud, unconscionability, duress) in determining whether the arbitration provision is valid. Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir.2002).

---

[2] The first of the two form contracts limits the arbitration to disputes between the customer and Dell, which the parties agree precludes class actions. Pape Decl., Ex. A. ¶ 13. The second contains a more explicit class action waiver provision: "[n]either customer nor Dell shall be entitled to join or consolidate claims . . . or arbitrate any claim as a representative or class action . . . ." Id. at Ex. B. ¶ 13.

ORDER – 3

In this case, Plaintiffs contend that the Agreement is procedurally and substantively unconscionable under Washington law, and therefore invalid. Specifically, Plaintiffs contend they lacked any meaningful choice to negotiate the terms, and that Dell failed to inform consumers of the important rights implicated in the Agreement. Plaintiffs also take issue with substantive elements of the Agreement, in particular, the class action waiver, the prohibition on "Private Attorney General" actions, Dell's reservation of rights, and limits on punitive damages. Finally, Plaintiffs challenge the Agreement's selection of the National Arbitration Forum to resolve disputes because it "imposes costs prohibitive fees, mandates confidentiality that unreasonably inhibits prosecution of CPA claims, limits discovery, and is structurally biased against consumers." Opp'n at 1.

**B.    Applicable State Law**

At the outset, Plaintiffs argue that the choice-of-law clause is invalid because it is contained in an adhesion contract and because applying Texas law would violate "Washington's fundamental policy of advancing the public good through CPA class actions." Opp'n at 12. Plaintiffs urge the court to invalidate the choice-of-law clause, conduct a choice-of-law analysis, and conclude that Washington law governs whether the parties entered into a valid agreement to arbitrate. Plaintiffs effectively concede that if the court applies Texas law, they will have to submit their individual claims to arbitration. Id. (citing Autonation USA Corp. v. Leroy, 105 S.W.3d 190, 200 (Tex. App. 2003) (holding that "there is no entitlement to proceed as a class action" and upholding arbitration agreement containing a class action waiver)).

Sitting in diversity, the court applies the choice-of-law rules of the forum state. Downing v. Abercrombie & Fitch, 265 F.3d 994, 1005 (9th Cir. 2001). Washington law provides that "[a]n express choice of law clause in a contract will be given effect, as expressing the intent of the parties, so long as application of the chosen law does not

ORDER – 4

violate the fundamental public policy of [Washington]." McGill v. Hill, 644 P.2d 680, 683 (Wash. Ct. App. 1982).

In support of their contention that the choice-of-law provision is invalid because it is contained in an adhesion contract, Plaintiffs rely heavily on language in the Restatement's official comment. The comment indicates that courts may consider as "a factor" the "take-it-or-leave-it" nature of a contract to invalidate a choice-of-law provision, and may reject the provision if enforcing it would work a "substantial injustice." Restatement (Second) Conflict of Laws § 187 cmt. b. Plaintiffs do not cite nor is the court aware of any instance in which a Washington court has invoked this "substantial injustice" standard to invalidate a choice-of-law clause. In any event, the court does not find persuasive the argument that a choice-of-law provision is void simply because it is contained in an adhesion contract. See Burbank v. Ford Motor Co., 703 F.2d 865, 866-867 (5th Cir. 1983) (reasoning that the fact that the choice-of-law clause was part of an adhesion contract was not, standing alone, reason to cast it aside). Indeed, the very next clause in the Restatement, which Plaintiffs omit, provides that state courts "usually respect[]" choice-of-law provisions, even if they exist in an adhesion contract. Id.; see also Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 641 (9th Cir. 1988) (noting that Washington courts would likely enforce a choice-of-law provision in a contract unless the clause itself was obtained by a misrepresentation).

Although a closer question, Plaintiffs' second basis for invalidating the choice-of-law clause as violative of fundamental public policy also fails. First, Plaintiffs cite no statutory language that declares invalid under Washington law arbitration agreements barring class action relief. See Restatement (Second) Conflict of Laws § 187 cmt. g (noting that fundamental public policy is generally found in legislative enactments declaring certain types of contracts illegal); see also Ito Int'l Corp. v. Prescott, Inc., 921 P.2d 566, 570 (Wash. Ct. App. 1996) (rejecting choice-of-law clause where statute

ORDER – 5

expressly declared the substantive provision at issue void).[3]  What is more, Washington courts are divided on how they treat the interplay between class action waivers and public policy favoring arbitration of disputes.  See Riensche v. Cingular Wireless LLC, No. C06-1325Z, 2006 WL 3827477 *4 n.4 (W.D. Wash. Dec. 27, 2006) (discussing cases). Both Division One and Two of the Washington State Court of Appeals have effectively denied class relief to consumers facing arbitration.  See Heaphy v. State Farm Mut. Auto. Ins. Co., 72 P.3d 220, 225 (Wash. Ct. App. 2003) (enforcing arbitration agreement, in part, because limiting class relief did not conflict with any statute, caselaw or due process concerns); Stein v. Geonerco, Inc., 17 P.3d 1266, 1270-71 (Wash. Ct. App. 2001) (same). By contrast, Division Three rejected a forum selection clause that would have required consumers to litigate in a forum that precluded class-wide relief.  Dix v. ICT Group, Inc., 106 P.3d 841, 845 (Wash. Ct. App. 2005).  That Washington law is currently in a state of flux suggests that there is no "fundamental" public policy prohibiting class action waivers in the consumer context.

Plaintiffs nevertheless contend that, because some courts have invalidated class action waivers as unconscionable under Washington law, e.g., Luna v. Household Finance Corp. III., 236 F. Supp. 2d 1166, 1178 (W.D. Wash. 2002), it must follow that

---

[3]The court notes that such an enactment would likely trigger federal preemption concerns. See Ting v. AT&T, 319 F.3d 1126, (9th Cir. 2003) (holding that FAA preempts provision under California Consumer Legal Remedies Act creating non-waivable right to class action, but concluding that class-action waiver was unconscionable under California law).

ORDER – 6

class action waivers violate fundamental public policy of Washington.[4] The court finds unavailing Plaintiffs' attempt to conflate the concepts of fundamental public policy (which operates to invalidate an entire area of contract law) and substantive unconscionability (which examines one contract provision at a time). Absent a legislative enactment or declaration from the highest court that class action waivers of the sort presented here violate public policy of the State of Washington, the court declines to invalidate the Agreement's choice-of-law provision.

Because Plaintiffs do not contest the validity of the Agreement under Texas law and do not contend that the dispute falls outside of the Agreement's scope, the court directs the parties to proceed to arbitration. Plaintiffs' emphasis on Washington law in their brief is perhaps not surprising given that the state and federal courts to consider Dell's arbitration provision under Texas law have uniformly required the parties to submit to arbitration. Olmstead v. Dell, Inc., 473 F. Supp. 2d 1018 (N.D. Cal. 2007); Provencher v. Dell, Inc., 409 F. Supp. 2d 1196 (C.D. Cal. 2006); Adams v. Dell Computer Corp., No. 06-089, 2006 WL 2670969 (S.D. Tex. Sept. 18, 2006); Sherr v. Dell, Inc., No. 05-10097-GBD, 2006 WL 2109436, at * 7 (S.D.N.Y. July 27, 2006); Falbe v. Dell, Inc., No. 04-1425, 2004 WL 1588243, at *4-6 (N.D. Ill. July 14, 2004); Stenzel v. Dell, Inc., 870 A.2d 133, 144-45 (Me. 2005). In accordance with these decisions, the court enforces the arbitration provision as written.

---

[4] In addition to Luna, two other cases in this district have denied motions to compel arbitration on the basis of substantive unconscionability under Washington law. See Riensche v. Cingular Wireless LLC, No. C06-1325Z, 2006 WL 3827477 at *11 (W.D. Wash. Dec. 27, 2006); Lowden v. T-Mobile, No. C05-1482P, 2006 WL 1009279 at *3 (W.D. Wash. April 13, 2006) Unlike the relatively significant consumer purchases at issue here, both of these decisions concerned disputes over small sums of money, such that a bar on class-wide relief would effectively preclude the individual claims. Reinsche, 2006 WL 3827477 at *11 (finding unconscionable a class action waiver where claim involved a tax on cell phone usage); Lowden, at 2006 WL 1009279 at * 3 (same where claim involved a service fee for cell phone usage). Moreover, neither decision concerned a choice-of-law clause.

ORDER – 7

## IV.  CONCLUSION

For the reasons stated, the court GRANTS Dell's motion to compel arbitration (Dkt. # 14).  The court STAYS this matter pending arbitration of Plaintiffs' claims in accordance with the arbitration provision contained in the Agreement.

Dated this 18th day of June, 2007.

JAMES L. ROBART
United States District Judge